IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

v.                    **CASE NO. 4:23-CR-00276-BSM**

**CHAZZ EUGENE DAVIS,** *et al.*                                 **DEFENDANTS**

## ORDER

Chazz Davis's pending motions [Doc. Nos. 737, 743–45] are denied.

Davis's motion for severance is denied because he has not shown that he would be severely prejudiced by a joint trial. *See United States v. Crumley*, 528 F.3d 1053, 1063 (8th Cir. 2008). Joinder of Davis and his co-defendants is proper because they are all charged with participating in a conspiracy to distribute controlled substances. *See* Doc. No. 264; Fed. R. Crim. P. 8(b). Because all defendants are properly joined, there is a strong presumption that they be tried together—especially in a conspiracy case. *See United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009); *United States v. Delpit*, 94 F.3d 1134, 1142–43 (8th Cir. 1996). The fact that the government may have more evidence against some of Davis's co-defendants does not require that Davis be tried separately. *See Lewis*, 557 F.3d at 610–11. Moreover, severance is not necessary simply because Davis is only charged in Count 1 of the superseding indictment. *Delpit*, 94 F.3d at 1143.

Davis's motion for early disclosure of Jencks Act material is denied because the government is not required to disclose to a defendant statements of government witnesses under the Jencks Act in advance of trial. *See United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984).

Davis's motion for disclosure of grand jury testimony is denied because Davis has not shown a particularized need for the testimony. *See United States v. Benson*, 760 F.2d 862, 864 (8th Cir. 1985) (per curiam) ("Parties seeking disclosure must show a 'particularized need,' and the decision to permit disclosure lies within the sound discretion of the trial judge."). Also, the government is not required to disclose a witness's grand jury testimony prior to the time of his testimony at trial. *See Hanger v. United States*, 398 F.2d 91, 96 (8th Cir. 1968).

Davis's objection to any further continuances is overruled because a continuation request by a co-defendant that would continue Davis's trial date would not violate Davis's right to a speedy trial. *See United States v. Patterson*, 140 F.3d 767, 772 (8th Cir. 1998) ("Where multiple defendants are joined for trial and no motion for severance has been granted, . . . exclusions of time attributable to one defendant apply to all codefendants.").

For these reasons, Davis's pending motions are denied.

IT IS SO ORDERED this 11th day of August, 2025.

_____
UNITED STATES DISTRICT JUDGE